IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-HC-2084-FL

CHARLES DOWD,                          )
                                       )
              Petitioner,              )
                                       )
       v.                              )                 ORDER
                                       )
DONNA M. SMITH,                        )
                                       )
              Respondent.              )


       This matter is before the court on respondent's motion to dismiss, filed pursuant to Federal

Rule of Civil Procedure 12(b)(6) (DE 10). Petitioner responded to the motion and thus the issues

raised are ripe for decision. For the following reasons, the court grants respondent's motion.

## BACKGROUND

       Petitioner, proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. Petitioner is currently incarcerated in the Federal Bureau of Prisons ("BOP"),

serving a 41-month term of imprisonment. The petition alleges BOP officials miscalculated his

projected release date. According to petitioner, BOP officials have failed to award him prior custody

credit for time served before his federal sentence was imposed, and miscalculated the date on which

his federal sentence commenced. Petitioner alleges he would be eligible for immediate release if

BOP corrected his sentence calculation.

       Petitioner was indicted in the Eastern District of North Carolina on October 14, 2014, on

charges of communicating false distress messages and aiding and abetting, in violation of 14 U.S.C.

§ 88(c) and 18 U.S.C. § 2. United States v. Dowd, No. 4:14-CR-66-FL (E.D.N.C. Oct. 15, 2014)

(DE 1). On May 11, 2015, authorities arrested petitioner on the subject federal charges, and petitioner was transferred to temporary federal custody that same day, pursuant to a writ of habeas corpus ad prosequendum, for his federal criminal proceedings. Id. (May 11, 2015) (DE 30, 39). At the time of his May 11, 2015, arrest, petitioner was in state custody serving a term of imprisonment on unrelated charges. (Pet'r's First Resp. (DE 8) at 8); N.C. Dep't of Pub. Safety, Offender Pub. Info., Charles R. Dowd, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view [https://perma.cc/CSB6-ZNXK] (accessible by entering petitioner's name into website form). Petitioner pleaded guilty to the federal criminal charges, and was sentenced on January 6, 2016, to a 41-month term of imprisonment. United States v. Dowd, No. 4:14-CR-66-FL (E.D.N.C. Jan. 6, 2016) (DE 69). The court[1] did not order the federal sentence to run either concurrent or consecutive to the state sentence petitioner was serving at the time. (Id.)

Petitioner began service of his federal sentence on November 24, 2016, after completing his state custodial sentence. (Pet. (DE 1) ¶ 13); Offender Pub. Info., Charles R. Dowd, supra (showing November 24, 2016, release date from state sentence). Based on this date of entry into BOP custody and projected good time credits, BOP currently estimates that petitioner will be released on November 15, 2019. (Pet'r's First Resp. (DE 13) at 2).

On March 21, 2018, petitioner submitted a request for administrative remedy to BOP officials, seeking administrative review of his sentencing calculation. (Pet. (DE 1) ¶ 7). Petitioner's informal administrative remedy request was denied that same day, and he then filed a formal administrative grievance with the warden. (Pet'r's First Resp. (DE 13) at 3-4). On April 3, 2018, before receiving the warden's response, petitioner signed and mailed for filing the instant petition.

---

[1]Petitioner was sentenced by the undersigned in this court.

As noted, the petitioner seeks judicial review of BOP's sentencing calculation, arguing that BOP failed to award him prior custody credit for the time he served in state custody between his arrest on federal charges on May 11, 2015, and his transfer to federal prison for service of his federal sentence on November 24, 2016. Petitioner also argues BOP erred when it determined his federal sentence commenced on November 24, 2016. Respondent filed the instant motion to dismiss on August 23, 2018, asserting the petition should be dismissed based on petitioner's failure to exhaust administrative remedies. Petitioner has filed multiple responses to the motion to dismiss, and attached BOP records and other documents in support of his claims.

## DISCUSSION

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate petitioner is entitled relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). Additionally, courts "may properly take judicial notice of matters of public record" when resolving a motion to dismiss. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

B.      Analysis

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts require prisoners challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. United States v. Vance, 563 F. App'x

277, 278 (4th Cir. 2014); <u>McClung v. Shearin</u>, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); <u>see also</u> <u>Timms v. Johns</u>, 627 F.3d 525, 531 (4th Cir. 2010) ("[I]n the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." (internal quotations and citations omitted)). Although failure to exhaust typically is an affirmative defense, dismissal is appropriate under Rule 12(b)(6) "in the rare case where failure to exhaust is apparent from the face of the [petition]." <u>Wilcox v. Brown</u>, 877 F.3d 161, 167 (4th Cir. 2017); <u>Custis v. Davis</u>, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a [petition] when the alleged facts in the [petition], taken as true, prove that the inmate failed to exhaust his administrative remedies.").

BOP provides a four-step administrative remedy procedure. The first step requires an inmate to present his issue to staff in an attempt at informal resolution. <u>See</u> 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. <u>See</u> 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. <u>See</u> 28 C.F.R. § 542.15.

Here, petitioner alleges he filed his first formal administrative grievance concerning his sentence calculation on March 21, 2018. (Pet. (DE 1) ¶ 7). Pursuant to 28 C.F.R. § 542.14, BOP staff then had 20 days to respond to the grievance. Instead of waiting the 20-day period, and then pursuing administrative appeals, petitioner signed and mailed for filing the instant § 2241 petition

on April 3, 2018.[2] (Id. at 9).  Additionally, petitioner states in the petition that his grievance "is with

Barden Review," which establishes he has not received a final decision from BOP administrators.

(Id.).    The face of the petition thus makes clear that petitioner did not exhaust administrative

remedies before filing suit.

Petitioner argues that the documents he submitted in responses to respondent's motion to

dismiss establish that he exhausted administrative remedies after he filed the instant petition.

Petitioner, however, cannot satisfy the exhaustion requirement by completing administrative

remedies after filing the petition.  See Timms, 627 F.3d at 531 (holding habeas petitioner must

exhaust alternative remedies "before seeking federal habeas relief"); Moore v. Bennette, 517 F.3d

717, 725 (4th Cir. 2008) (noting administrative remedies must be exhausted "prior to filing suit").

Based on the foregoing, the petition is dismissed without prejudice.  A dismissal without

prejudice means petitioner may file another habeas petition alleging these claims after exhausting

his administrative remedies.  Notably, while petitioner argues he exhausted administrative remedies

after filing the instant petition, the documents he has filed to date do not contain administrative

decisions at the BP-10 or BP-11 levels.

Finally, the court notes that petitioner's claim that he is entitled to prior custody credit

appears to lack merit.  BOP may award prior custody credit for time served in official detention prior

to the date the federal sentence commences if such time "has not been credited against another

sentence." 18 U.S.C. § 3585(b).  Public records suggest petitioner was serving a custodial sentence

---

[2]Petitioner suggests he filed the petition before exhausting administrative remedies because he believes he should have been released in March 2018, before his administrative appeals would have concluded.  (See Pet. (DE 1) ¶ 8(b)).  That circumstance does not excuse petitioner's failure to exhaust.  Additionally, the court notes petitioner was transferred to federal prison on November 24, 2016, but did not file his administrative grievance until March 21, 2018, over a year after his release date was first calculated.  Accordingly, petitioner's own delay in filing his grievance is the primary reason he could not exhaust administrative remedies before March 2018.

on unrelated state charges from May 11, 2015, the date he was arrested on the subject federal offenses, until November 24, 2016, when he arrived at a federal prison for service of his federal sentence.  Offender Pub. Info., Charles R. Dowd, supra; (Exs. to Pet'r's Second Resp. (DE 18-2) at 13).  Accordingly, assuming petitioner was serving his state term of imprisonment between May 11, 2015, and November 24, 2016, petitioner is not entitled to prior custody credit on his federal sentence for that period of time.  18 U.S.C. § 3585(b).

While petitioner correctly notes that he was transferred to temporary federal custody for his federal arraignment and sentencing during the time he was serving his state sentence, that fact does not change the analysis.  Petitioner received credit for time served in temporary pretrial federal custody toward his state sentence, and thus he is not entitled to double count such time toward his federal sentences.  Id.

To the extent petitioner is arguing that BOP incorrectly calculated the date his federal sentence commenced, the claim similarly lacks merit.  As noted, petitioner appears to have been serving a custodial sentence on state charges at the time he was arrested on federal charges.  Pursuant to 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment [the sentences] run consecutively unless the [federal] court orders that the terms are to run concurrently."  The court did not run petitioner's federal sentence concurrent with the state sentence.[3]  See United States v. Dowd, No. 4:14-CR-66-

_____

[3]Petitioner suggests that because the court stated at sentencing that he would receive credit for time served, it intended the sentences to run concurrent.  But these two issues – prior custody credit (or "credit for time served") and whether the federal and state sentences should run consecutive or concurrent – are distinct issues.  If the court intended the sentences to run concurrent, it would have expressly stated such intention during the sentencing hearing and included such order in the criminal judgment. The statement that petitioner would receive credit for time served merely suggested that BOP would review petitioner's eligibility for prior custody credit and award such credit if he is entitled to it. The court has no authority to require BOP to award prior custody credit where petitioner is not entitled to such credit. See United States v. Wilson, 503 U.S. 329, 333-34 (1992) (holding district court cannot award prior custody credit at sentencing).

FL (E.D.N.C. Jan. 6, 2016) (DE 69). Thus, under § 3584(a), petitioner's federal sentence was statutorily required to run consecutive to his state sentence, and the sentence therefore could not have commenced until after petitioner completed the state sentence. As set forth above, BOP calculated petitioner's federal sentence commencement date as November 24, 2016, the date petitioner was released from state custody. On the current record before the court, BOP's decision appears to be correct.

Based on the foregoing, it does not appear petitioner is entitled to habeas relief. However, because the factual record is not complete, the court will not dismiss the petition with prejudice at this stage. If petitioner chooses to file another habeas petition asserting these claims after exhausting his administrative remedies, he must explain how he is entitled to habeas relief in light of the analysis set forth above.

C.      Certificate of Appealability

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, respondent's motion to dismiss (DE 10) is GRANTED, and the petition is dismissed without prejudice for failure to exhaust administrative remedies. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 10th day of December, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge